NORTH CAROLINA FIRE INSURANCE RATING BUREAU v. JOHN RANDOLPH INGRAM, COMMISSIONER OF INSURANCE FOR THE STATE OF NORTH CAROLINA

No. 7510SC621

(Filed 5 May 1976)

Insurance § 116— fire insurance rates — appeal — jurisdiction — prohibiting Insurance Commissioner from violating statutory stay

Where the Commissioner of Insurance ordered a 19% reduction of extended coverage rates as set forth in a filing of the Fire Insurance Rating Bureau which had been withdrawn and a further 3.4% decrease in rates, the Commissioner thereafter announced that the 19% decrease set forth in the filing would go into effect but a further hearing would be held regarding the 3.4% decrease in rates, and the Rating Bureau gave notice of appeal to the Court of Appeals, subject matter jurisdiction of both the 19% and 3.4% decreases became vested in the Court of Appeals under G.S. 58-9.3 and G.S. 58-9.4; therefore, the proper remedy for the Rating Bureau to prohibit the Commissioner of Insurance from taking action on the 3.4% decrease in violation of G.S. 58-9.5(10), which stays his order pending appeal, is to seek in the Court of Appeals the issuance of the prerogative writ of supersedeas under G.S. 7A-32(c) and App. R. 23, not to seek an injunction in the Superior Court of Wake County.

APPEAL by defendant from *Bailey, Judge.* Order entered 16 May 1975, Superior Court, WAKE County. Heard in the Court of Appeals 23 October 1975.

On 6 January 1975, the North Carolina Fire Insurance Rating Bureau filed a request for an adjustment in the premium rates for extended coverage insurance with the North Carolina Commissioner of Insurance. The filing called for a 19% reduction in the rates. This filing was subsequently withdrawn by letter from the Bureau to the Commissioner dated 6 March 1975. The reason for this withdrawal was to avoid the operation of the "deemer" provision of G.S. 58-131.1. By letter dated 11 April 1975, the Commissioner approved a "reduction of 19% set forth in your filing" and directed a further 3.4% decrease "as determined by the attached rate development exhibit . . . . "

On 22 April 1975, the Bureau filed a motion with the Commissioner praying that the Commissioner's letter order of

11 April 1975 be set aside. On 28 April 1975 the Commissioner denied the request and announced that the 19% decrease set forth in the filing would go into effect 1 May 1975 but that a further hearing would be scheduled for 12 May 1975 regarding an additional 3.4% decrease in the rates.

On 30 April 1975 the Bureau filed with the Commissioner a notice of appeal to the North Carolina Court of Appeals from the 11 April letter order, and from the order denying the Bureau's motion to set aside that order. The opinion of the Court of Appeals in that case (No. 7510INS581) is filed simultaneously with this opinion.

On the afternoon of 6 May 1975, the Bureau received a letter from the Commissioner advising that the Commissioner took the position that the hearing set for 12 May 1975 on the 3.4% decrease was not stayed by reason of the Bureau's appeals and that the hearing would be held as scheduled.

On 9 May 1975, the Bureau filed an affidavit and complaint in Superior Court seeking to temporarily restrain and temporarily and permanently enjoin the Commissioner from holding the hearing set for May 12, 1975 and from taking "any other or further steps, proceeding, or action with respect to said hearing or the matter now on appeal to the North Carolina Court of Appeals in connection herewith" and seeking a further injunction "at the time of the hearing of this matter on its merits" "ordering the Defendant to cease and desist from blocking the insurance rate making processes." On the basis of the complaint and affidavit, and without notice to the Commissioner, Superior Court Judge James H. Pou Bailey issued an order on 9 May 1975 temporarily restraining the Commissioner from conducting or holding a hearing on Extended Coverage Insurance Rates on 12 May 1975, and ordering that the Bureau's motion for a preliminary injunction be heard on 16 May 1975. In this hearing Judge Bailey considered the complaint and affidavit of the Bureau, considered an affidavit of Deputy Insurance Commissioner Robert E. Holcombe, heard arguments of counsel, and issued a preliminary injunction continuing the terms of the previous restraining order and enjoining the Commissioner from "conducting" or holding a hearing on Extended Coverage Insurance rates concerned in the matter now on appeal until the appeals thereof are dismissed or otherwise disposed of by the North Carolina Court of Appeals . . . . "

On 23 May 1975, the Commissioner filed exceptions to this order and gave notice of appeal to the North Carolina Court of Appeals.

*Attorney General Edmisten by Assistant Attorney General Isham B. Hudson, Jr., for appellant, Commissioner of Insurance.*

*William T. Joyner and James E. Tucker for plaintiff, North Carolina Fire Insurance Rating Bureau.*

CLARK, Judge.

The pivotal question on appeal is whether the Superior Court had jurisdiction to act on the motion by the Bureau for an injunction. We find that it did not have such jurisdiction. The procedure for appeal from orders of the Commissioner of Insurance is set out in Chapter 58, Insurance, of the General Statutes. G.S. 58-9.3(a) provides in part as follows:

"Any order or decision made, issued or executed by the Commissioner, *except* an order to make good an impairment of capital or surplus or a deficiency in the amount of admitted assets *and except an order or decision that the premium rates charged or filed on all or any class of risks are excessive, inadequate, unreasonable, unfairly discriminatory or are otherwise not in the public interest or that a classification assignment is unwarranted, unreasonable, improper, unfairly discriminatory, or not in the public interest, shall be subject to review in the Superior Court of Wake County* . . . . " (Emphasis added.)

G.S. 58-9.4 provides:

"Any order or decision of the Commissioner that the premium rates charged or filed on all or any class of risks are excessive, inadequate, unreasonable, unfairly discriminatory or are otherwise not in the public interest or that a classification or classification assignment is unwarranted, unreasonable, improper, unfairly discriminatory or not in the public interest *may be appealed to the North Carolina Court of Appeals* by any party aggrieved thereby. . . . " (Emphasis added.)

Rating Bureau v. Ingram, Comr. of Insurance

G.S. 58-9.5 provides further that:

"Appeals to the North Carolina Court of Appeals pursuant to G.S. 58-9.4 shall be subject to the following provisions:

    \*   \*   \*

    (10) An appeal under this section shall operate as a *stay of the Commissioner's order or decision* until said appeal has been dismissed or the questions raised by the appeal determined according to law." (Emphasis added.)

We find that without question the matter involved in this appeal was one continuous rate filing activity. When the Bureau gave notice of appeal to this Court, subject matter jurisdiction over both the 19% and 3.4% decrease became vested in the Court of Appeals, through the terms of G.S. 58-9.3 and 58-9.4. Reading these sections *in para materia* it is quite clear that the Court of Appeals and not the Superior Court of Wake County has subject matter jurisdiction of this case.

If the Commissioner of Insurance proposes to take action in violation of G.S. 58-9.5(10) which stays his order or decision pending appeal, the proper remedy for the plaintiff Bureau was not to seek an injunction in the Superior Court, but to seek in the Court of Appeals the issuance of the prerogative writ of supersedeas under G.S. 7A-32(c) and App. R. 23.

The order of the Superior Court granting the preliminary injunction was error, and the same is vacated. This cause is remanded to the Superior Court, Wake County, for entry of an Order dismissing plaintiff's action.

Reversed and remanded.

Chief Judge BROCK and Judge HEDRICK concur.